```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ERIC CHAN,                          :
                                    :
              Plaintiff,            :    17 Civ. 3042(JSR)
                                    :
         -v-                        :    OPINION AND ORDER
                                    :
HEATHER SCHATZ,                     :
                                    :
              Defendant.            :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

This case arises out of the dissolution of the marital and professional partnerships of plaintiff Eric Chan and defendant Heather Schatz. Prior to their decision to divorce, Chan and Schatz, both artists, "publicly present[ed] . . . works as a collaborative effort . . . under the single name, ChanSchatz." Compl. ¶¶ 1-3, Dkt. No. 1. In this action, Chan seeks a declaratory judgment that he is the sole author of certain works as a matter of copyright law. See id. at 19-20. At a final pre-trial conference on November 8, 2017, Schatz objected to Chan's demand for a jury trial. See Transcript of November 8, 2017 Hearing ("Tr."). The Court, sua sponte, also raised the question whether the domestic relations exception to federal jurisdiction applies here. The parties submitted the letter briefing on both questions, which letters will be docketed separate from this Opinion.

First, the Court finds that, as the parties agree, the domestic relations exception to federal jurisdiction does not apply to this action. See Pl. Letter at 3-4; Def. Letter at 3. As an

initial matter, the domestic relations exception is "a limiting construction of the statute defining federal diversity jurisdiction," and the Court's jurisdiction in this case derives from a federal question, namely, copyright law. Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 20-21 (2004) (Rehnquist, C.J., concurring), abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014); see also American Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990). Moreover, the domestic relations exception "encompasses only cases involving the issuance of 'a divorce, alimony, or child custody decree.'" Akenbrandt v. Richards, 504 U.S. 689, 704 (1992); see also American Airlines, Inc., 905 F.2d at 14. Chan's complaint does not ask the Court to issue a divorce decree. See Chevalier v. Estate of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015) (case falls within the domestic-relations exception where "plaintiff is seeking to dissolve the marriage and resolve all matters concerning property and children").

Second, while the Court is inclined to believe that plaintiff has no right to a jury trial, the Court need not decide that close question now. The Federal Rules of Civil Procedure preserve the right to a jury trial "as declared by the Seventh Amendment . . . or as provided by a federal statute." Fed. R. Civ. P. 38(a). The Copyright Act does not provide for a jury trial, so a jury demand in a copyright case must rely on the Seventh Amendment. See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998). The Seventh

Amendment limits the right to a jury trial to "Suits at common law." U.S. Const. Amend. VII. To determine whether a party has a right to a jury trial under the Seventh Amendment, the Supreme Court has established a two-step analysis. See Granfinancieria, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). First, the court determines whether the claim, or one analogous to it, would have been deemed legal or equitable in eighteenth century England before the merger of courts of law and equity. See Pereira v. Farace, 413 F.3d 330, 337 (2d Cir. 2015) (citing Germain v. Connecticut Nat'l Bank, 988 F.2d 1323, 1328 (2d Cir. 1993)). Second, the court must "'[e]xamine the remedy sought and determine whether it is legal or equitable in nature.'" Id. (quoting Granfinancieria, 492 U.S. at 42). The second part of the test is given more weight than the first. Id.

Schatz contends that Chan is not entitled to a jury trial because his claim is equitable under both steps of this test. With respect to step one, Schatz argues that the eighteenth-century cause of action most closely analogous to Chan's claim is a bill of quia timet, the forerunner of an action to quiet title, see Nat'l Cancer Hosp. of Am. v. Webster, 251 F.2d 466, 467-468 (2d Cir. 1958), which has "always been [an] equitable action[], brought in the courts of equity rather than courts of law," United States v. McHan, 345 F.3d 262, 275 (4th Cir. 2003) (citing Arndt v. Griggs, 134 U.S. 316, 320 (1890)). See Pl. Letter Ex. A (Transcript of Mar. 13, 2003 Hearing at 2:23-3:5, Marvel Characters, Inc. v. Simon, No. 00-CV-1393 (S.D.N.Y.)

3

(finding an action for a declaration that the defendant was not an author of the disputed works "akin to a quiet title action"). With respect to step two, Schatz argues that a declaration of rights is an equitable remedy and that courts routinely strike jury demands when the only remedy sought is a declaratory judgment as to the parties' respective rights. See, e.g., Big Dog Motorcycles, LLC v. Big Dog Holdings, Inc., 400 F. Supp. 2d 1273, 1275-1276 (D. Kan. 2005) (finding no right to jury in a trademark infringement case because the claims asserted were "purely equitable in nature inasmuch as the relief sought . . . [was] limited to a declaratory judgment").

As Chan points out, however, in a declaratory judgment action, "the nature of the underlying dispute determines whether a jury trial is available." Starr Int'l Co., Inc. v. American Int'l Grp., Inc., 623 F. Supp. 2d 497, 502-503 (S.D.N.Y. 2009) (quoting In re Rosenman & Colin, 850 F.2d 57, 60 (2d Cir. 1988); see also Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 589 (1990) ("[T]he Declaratory Judgment Act . . . preserves the right to jury trial to both parties."); Wright & Miller, Federal Practice and Procedure § 2313. But considering the underlying claim in isolation does not resolve the question because it is not clear whether Chan's underlying claim entitles him to a jury trial. Chan argues that the underlying action is one of copyright infringement. See Def. Letter at 2. Even assuming arguendo that is correct, a plaintiff does not always have a right to a jury trial in a copyright

4

infringement case. Rather, a plaintiff's right to a jury trial in a copyright infringement suit depends on the plaintiff's choice of remedy: specifically, a plaintiff seeking damages has a right to a jury trial on all issues pertinent to the award of damages, Feltner, 523 U.S. at 352, including issues of copyright authorship, see, e.g., Medforms, Inc. v. Healthcare Mgmt. Solutions Inc., 290 F.3d 98, 110 (2d Cir. 2002), but a plaintiff seeking only injunctive relief does not have a right to a jury trial, see City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 726 n.1 (1999); Wright & Miller, Federal Practice and Procedure § 2312. Accordingly, as other courts have concluded, it is unclear whether a party has a right to a jury trial where the only claim is one for a declaratory judgment that a party is the true owner of a copyright. See, e.g., Fleming v. Miles, 181 F. Supp. 2d 1143, 1157 n.10 (D. Or. 2001); Archie Comic Publications, Inc. v. DeCarlo, No. 00-CV-5686, 2002 WL 48337, at *1 (S.D.N.Y. Jan. 11, 2002).[1]

However, there is no reason to resolve the issue now. Instead, the Court will empanel a jury and submit to it any factual issues as to which Chan arguably has a right to a jury trial. If the

---

[1] Chan also argues that he could have sought money damages based on Schatz's attempt to assert authorship over his works in violation of the Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A(a)(1)(A). Again, assuming arguendo that the underlying action is properly construed as a VARA claim, that does not resolve the issue because "[i]t is an open question whether the Seventh Amendment affords a jury trial right in suits brought under VARA." Pollara v. Seymour, 344 F.3d 265, 268 (2d Cir. 2003).

5

Court and the jury agree, then the issue of Chan's right to a jury trial will be moot. If the Court and the jury disagree, the Court will then decide whether it is the proper trier of any disputed facts. If the Court decides that it is the proper trier of any disputed facts, it will treat the jury's verdict as that of an advisory jury pursuant to Federal Rule of Civil Procedure 39(c)(1). See Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury.").

The parties are reminded that the trial of this case will commence promptly on December 11, 2017 at 9:30 AM in Courtroom 14-B.

SO ORDERED.

Dated: New York, NY
November 21, 2017

JED S. RAKOFF, U.S.D.J.